# IN THE UNITED STATES DISTRICT COURT
## FOR THE STATE OF DELAWARE

KEVIN DEBBS and LIBERTY NATIONAL TRUST,

        Plaintiffs,

    v.

CDK FUND I SPV, LLC, CDK CAPITAL PARTNERS I, LLC, CODY KERNS, and ESSENTIAL FUND SERVICES INTERNATIONAL, LLC,

        Defendants.

Case No. 1:25-cv-00205-GBW

---

### DEFENDANTS CDK FUND I SPV, LLC, CDK CAPITAL PARTNERS I, LLC, AND CODY KERNS' OPENING BRIEF IN SUPPORT OF <u>MOTION TO DISMISS PLAINTIFFS' COMPLAINT</u>

Dated: March 25, 2025

Of Counsel

Robert Kemper (*pro hac vice*)
Sanchez Fischer Levine, LLP
101 N.E. 3rd Avenue, Ste 1110
Fort Lauderdale, FL 33301
(954) 510-9942
*rkemper@sfl-law.com*

David Levine (*pro hac vice*)
Michael P. De Simone (*pro hac vice*)
Sanchez Fischer Levine, LLP
1200 Brickell Avenue, Ste 750
Miami, FL 33131
(305) 925-9947
*dlevine@sfl-law.com*
*mdesimone@sfl-law.com*

TROUTMAN PEPPER LOCKE LLP

Christopher B. Chuff (DE # 5729)
Tyler R. Wilson (DE # 7129)
Hercules Plaza, Suite 1000
1313 Market Street
Wilmington, DE 19899-1709
(302) 777-6500
chris.chuff@troutman.com
tyler.wilson@troutman.com

*Attorneys for Defendants CDK Fund I SPV, LLC, CDK Capital Partners I, LLC, and Cody Kerns*

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

INTRODUCTION ............................................................................................................. 1

STATEMENT OF FACTS .............................................................................................. 1

ARGUMENT .................................................................................................................. 3

    A.    The Court Should Dismiss Plaintiffs' Complaint for Failure to State a
        Cause of Claim........................................................................................... 3

        1.    The Complaint Should Be Dismissed as a Shotgun Pleading................... 4

        2.    Plaintiffs' Nebulous Pleadings Fail to Identify any Fraudulent
              Statement Necessary to Plead a 10b-5 Claim. ......................................... 6

        3.    Plaintiffs Fail to Support Their Florida Securities and Investor
              Protection Act Claim with Allegations of Fraudulent Statements ............ 9

        4.    Plaintiffs Fail to Plausibly Allege any Breach of Fiduciary Duty .......... 11

        5.    Plaintiffs Fail to Allege Any Fraudulent Statement that Induced
              Them to Invest ........................................................................................ 13

        6.    Plaintiffs Fail to Plead a Negligent Misrepresentation Because
              They Fail to Plead any Statement that They Relied Upon. ...................... 15

        7.    Plaintiffs Fail to Plead a Conversion Claim Due to Failure to Plead
              an Immediate Right of Possession to Specific and Identifiable
              Monies..................................................................................................... 16

        8.    Plaintiffs Fail to Plead an Unjust Enrichment Claim Because a
              Contract Covers the Subject Matter of their Claims................................ 16

CONCLUSION............................................................................................................... 18

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Accelerant Twister, LLC v. Marjo, LLC*,
  2023 WL 4457422 (D. Del. June 11, 2023)..............................................................13

*Adgar v. Carney*,
  2020 WL 1475422 (D. Del. Mar. 26, 2020) .............................................................5

*Am. Sales & Mgmt. Org. v. Lopez*,
  373 So. 3d 1198 (Fla. 3d DCA 2023) ......................................................................12

*Arnold v. McFall*,
  839 F. Supp. 2d 1281 (S.D. Fla. 2011) .........................................................8, 9, 10, 11

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).............................................................................................7, 12

*Bell Atl. Corp. v Twombly*,
  550 U.S. 544 (2007).........................................................................................3, 7, 12

*Billingsley v. Emmons*,
  8:21-CV-351-KKM-CPT, 2021 WL 3493625 (M.D. Fla. Aug 09, 2021) ............................11

*Bradley Factor, Inc. v. United States*,
  86 F. Supp. 2d 1140 (M.D. Fla. 2000).....................................................................13

*In re Cadira Grp. Hold., LLC Litig.*,
  2021 WL 2912479 (Del. Ch. Apr. 14, 2021) ............................................................12

*City of Tacoma v. Worldgate Comms., Inc.*,
  2005 WL 8171766 (D. Del. Sept. 30, 2005)..............................................................17

*Commerce Nat. Ins. Servs., Inc. v. Buchler*,
  2003 WL 229353225 (D. Del. Dec. 10, 2003)...........................................................16

*In re Corp. Sec. Litig.*,
  358 F. Supp. 2d 1130 (M.D. Fla. 2005).....................................................................9

*D'Agostino v. Porch*,
  No. 3:18-CV-920, 2018 WL 7323568 (M.D. Fla. Aug. 21, 2018) ........................................4, 5

*Dawson v. City of Jacksonville*,
  No. 22-12365, 2023 WL 6972546 (11th Cir. Oct. 23, 2023) ...................................................5

*Day v. Taylor*,
  400 F.3d 1272 (11th Cir. 2005) ................................................................................2

*Diamond "S" Dev. Corp. v. Mercantile Bank*,
  989 So.2d 696 (Fla. 1st DCA 2008) (*per curiam*) ..................................................17

*Dura Pharms., Inc. v. Broudo*,
  544 U.S. 336 (2005).................................................................................................6

*Durden v. Citicorp Trust Bank, FSB*,
  No. 3:07-CV-974-J-33JRK, 2008 WL 2098040 (M.D. Fla. May 16, 2008) ....................13, 14

*E.F. Hutton Co., Inc. v. Rousseff*,
  537 So. 2d 978 (Fla. 1989)......................................................................................9

*FDIC v. Mintz*,
  816 F.Supp. 1541 (S.D. Fla. 1992) .........................................................................12

*FindWhat Inv. Grp. v. FindWhat.com*,
  658 F.3d 1282 (11th Cir. 2011) ..............................................................................7

*Fundamental Nutrition LLC v. Emerge Nutraceuticals Inc.*,
  5:23-cv-64-JA-PRL, 2024 WL 838083 (M.D. Fla. Feb 28, 2024) ...........................17

*Gilchrist Timber Co. v. ITT Rayonier, Inc.*,
  696 So. 2d 334 (Fla. 1997).....................................................................................15

*Goodrich v. E.F. Hutton Grp., Inc.*,
  542 A.2d 1200 (D. Ch. 1988) .................................................................................17

*Grippo v. Perazzo*,
  357 F.3d 1218 (11st Cir. 2004)...............................................................................9

*Hazen v. City of Holmes Beach*,
  No. 8:19-CV-534, 2019 WL 13215270 (M.D. Fla. Apr. 24, 2019)...........................4

*Hirsch v. Lyndon Southern Ins. Co.*,
  3:17- CV-1215, 2019 WL 5110622 (M.D. Fla. June 7, 2019) ................................13

*Jackson v. BellSouth Telecomms.*,
  372 F.3d 1250 (11th Cir. 2004) ..............................................................................4

*King v. Pratt & Whitney Canada Corp.*,
  No. 20-359, 2021 WL 663059 (D. Del. Feb. 19, 2021).........................................15

*Lentell v. Merrill Lynch & Co.*,
  396 F.3d 161 (2d Cir.2005).....................................................................................8

*Lindquist v. Linxian*,
    Case No. 11-23876-Civ, 2012 WL 3811800 (S.D. Fla. Sep 04, 2012) ................................12

*Linville v. Ginn Real Estate Co., LLC*,
    697 F. Supp. 2d 1302 (M.D. Fla. Mar. 10, 2010) ....................................................15

*Lockwood v. Oliver*,
    No. 8:20-CV-1990, 2021 WL 75123 (M.D. Fla. Jan. 8, 2021)............................................15

*McCary v. Cunningham*,
    2022 WL 2802385 (D. Del. July 18, 2022) ..............................................................4

*Mizzaro v. Home Depot, Inc.*,
    544 F.3d 1230 (11th Cir. 2008) ....................................................................6

*Moynet v. Courtois*,
    8 So. 3d 377 (Fla. 3d DCA 2009) ..................................................................17

*Novak v. Gray*,
    469 F. App'x 811 (11th Cir. 2012) ................................................................13

*Omnipol, A.S. v. Multinational Defense Servs., LLC*,
    32 F.4th 1298 (11th Cir. 2022) ....................................................................14

*Palmer v. Reali*,
    211 F. Supp. 3d 655 (D. Del. 2016)..............................................................12

*Regions Bank v. Kaplan*,
    17-15478, 18-13220 (11th Cir. Oct 19, 2021) ......................................................16

*Rocco v. Glenn, Rasmussen, Fogarty 8c Hooker P.A.*,
    32 So. 3d 111 (Fla. 2d DCA 2009) ................................................................11

*Silver Crown Investments, LLC v. Team Real Estate Mgm't, LLC*,
    349 F. Supp. 3d 1316 (S.D. Fla. 2019) ............................................................12

*Space Coast Credit Union v. Merrill Lynch, Pierce, Fenner & Smith Inc.*,
    295 F.R.D. 540 (S.D. Fla. Mar. 18, 2013) ..........................................................9

*Watts v. Fla. Int'l Univ.*,
    495 F.3d 1289 (11th Cir. 2007) ....................................................................3

*Weiland v. Palm Beach Cty. Sheriff's Office*,
    792 F.3d 1313 (11th Cir. 2015) ..................................................................4, 5

**Statutes and Other Authorities**

15 U.S.C. § 78u–4(b) ....................................................................................7, 8

Fla. Stat. Section 517.301 ............................................................................................9

Florida Securities and Investor Protection Act ......................................................9, 10

Private Securities Litigation Reform Act of 1995 ....................................................6, 7

Fed. R. Civ. P. 8(a) ...........................................................................................3, 4, 6, 10

Fed. R. Civ. P. 9(b) ...............................................................................6, 7, 9, 10, 13, 14, 15

Rule 10b–5 ............................................................................................................6, 7, 9

## INTRODUCTION

The Court should dismiss the Complaint for failure to state a claim. Each of Plaintiffs' claims should be dismissed due to the failure to plead any legally cognizable damage. Plaintiffs' alleged grievance is that the Fund Defendants hold approximately $1,253,888.14 that Plaintiffs admittedly invested with the Partnership and Plaintiffs demand those funds from the Fund Defendants. Plaintiffs have failed, however, to plead any entitlement to demand that they receive those funds. The governing documents, which Plaintiffs quote from in their Complaint, expressly limit Plaintiffs' right to receive their funds.

To compound matters, the Complaint is also a shotgun pleading that is infected with all the problems inherent in such a pleading. Plaintiffs plead securities fraud and other fraud-based claims but fail to specify what statements they allegedly relied upon for those claims, who made those statements to whom and when, how those statements were false and that the person who made them did so with the requisite scienter. Plaintiffs' claim for breach of fiduciary duty is defective for failure to plead facts amounting to gross negligence. Plaintiffs' conversion claim fails due to the inability to plead an immediate right to possession of specific/identifiable funds. And Plaintiffs' unjust enrichment claim fails due to the subject matter of their claim being covered by a contract.

This Court should dismiss this case.

## STATEMENT OF FACTS

Plaintiffs invested in non-party CDK Fund I, LP,[1] "a pooled investment vehicle," Compl. ¶ 30, that was to "invest in stocks and ETFs across different sectors, market capitalization and asset

---

[1]    The Fund Defendants refer to non-party CDK Fund I, LP herein as the "Partnership."

classes, as well as in currencies," Compl. ¶ 32, pursuant to a limited partnership agreement. A copy of that limited partnership agreement is attached to the Declaration of Cody Kerns as Exhibit A (the "CDK Fund I Agreement").[2]  The Declaration of Cody Kerns is attached hereto as Exhibit 1.

Plaintiffs' alleged grievance repeated throughout the Complaint is that "Defendants have wrongfully held – and continue to withhold – approximately $1,253,888.14 belonging to Plaintiffs." Compl. ¶ 8; *see also id.* at ¶¶ 7, 139, 190-196 (unable to secure the return of $1,253,888.14 that they invested with the Partnership). Plaintiffs allege investments with the Partnership totaling $1,195,000 in paragraphs 43 ($800,000 on January 16, 2023), 44 ($300,000 on January 24, 2023), and 59 ($850,000 on May 24, 2023).[3]  Plaintiffs allege that they requested to withdraw $1.2 million on August 14, 2023. Compl. ¶ 89. On September 5, 2023, Plaintiffs allege, the Partnership contributed $1,253,888.14 to CDK Fund I SPV, LLC. Compl.¶ 91.

Although the CDK Fund I Agreement did permit withdrawal requests, withdrawals were subject to the General Partner's "sole discretion [to] establish reserves or holdbacks . . . for estimated or accrued future expenses, liabilities and contingencies." *See* CDK Fund I Agreement, § 8.02(b)(iii). In circumstances when "the Partnership is unable to liquidate positions in an orderly manner," the Partnership may, among other things, "deny a requested withdrawal, or may suspend withdrawals."  CDK Fund I Agreement, § 8.02(a), (b)(iii), (v); *see also* § 8.04 ("Suspension of Payment of Withdrawals").

---

[2]     The Court may consider the CDK Fund I Agreement on this motion to dismiss as a document central to the Complaint and undisputed. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (courts may consider a document that "is (1) central to the plaintiff's claim and (2) undisputed. In this context, 'undisputed' means that the authenticity of the document is not challenged.").

[3]     In addition, Plaintiffs allege an investment of $1 million in CDK Fund II, LP in June 2023, and $185,000 in July 2023.  Compl. ¶¶ 66, 77. This $1.185 million has no apparent relevance to this lawsuit because Plaintiffs' claims arise from funds provided to the Partnership and not to CDK Fund II, LP.

Plaintiffs also allege that CDK Capital Partners I, LLC, Cody Kerns and non-party Kerns Capital Management, LLC executed a Customer Agreement with FXWinning, Ltd., Compl. ¶ 51, which claimed to be a brokerage firm that offered forex currency and other trading strategies, but it turned out it was a fraud. Compl. ¶ 51. On June 20, 2023, FXWinning, Ltd. announced that it would cease its services. Compl. ¶ 67.

On September 5, 2023, CDK Fund I SPV, LLC was formed and then the Partnership made a capital contribution to CDK Fund I SPV, LLC. Compl. ¶ 91. Plaintiffs concede that the Partnership disclosed to them prior to investing that other entities could be formed to hold investment assets, that the Partnership would invest in various asset classes, including currencies. Compl. ¶ 38-39; *see also* CDK Fund I Agreement, § 2.07(n).

## **ARGUMENT**

### A.    The Court Should Dismiss Plaintiffs' Complaint for Failure to State a Cause of Claim

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Plaintiffs must plead sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v Twombly*, 550 U.S. 544, 570 (2007). Nonetheless, "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The factual allegations must be enough to "raise a right to relief above the speculative level." *Id.* at 555-556. To survive a motion to dismiss, a complaint must plead enough factual matter that, if taken as true, suggests that the elements of the cause of action will be met. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1296 (11th Cir. 2007). "'[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.'" *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004) (citation omitted).

### 1.    The Complaint Should Be Dismissed as a Shotgun Pleading

The Court should dismiss the Complaint as a shotgun pleading that fails to satisfy Fed. R. Civ. P. 8(a). The Complaint is a grab bag of allegations with no articulated connection to the pleaded claims for relief. The Complaint compounds these sins by utilizing claims for relief that each incorporate all that precedes it in the Complaint. The Complaint must be dismissed.

There are four categories of shotgun pleadings. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). "The unifying characteristic . . . is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.*

Plaintiffs improperly incorporate and adopt into each count "the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.*; Compl. ¶¶ 143, 156, 165, 171, 182, 189, 198, 208. Middle District Courts routinely dismiss complaints insufficiently pled in this manner. *See Hazen v. City of Holmes Beach*, No. 8:19-CV-534,  2019 WL 13215270, at *2 (M.D. Fla. Apr. 24, 2019) (dismissing complaint *sua sponte* because "Plaintiffs' Amended Complaint is a quintessential shotgun pleading because it incorporates all preceding allegations into every count,  thus incorporating all preceding counts into every successive count."); *D'Agostino v. Porch*, No. 3:18-CV-920, 2018 WL 7323568, at *1 (M.D. Fla. Aug. 21, 2018) (finding complaint was an impermissible shotgun pleading where "Count II incorporate[d] all of the allegations of Count I, and Counts III through VII incorporate[d] all of the allegations of the preceding counts."); *see also McCary v. Cunningham*, 2022 WL 2802385, at *4 (D. Del. July 18, 2022) (noting that "assert[ing] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions" is a shotgun pleading).

Plaintiffs' Complaint constitutes a shotgun pleading for the additional reason that it is full of "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1321-23. Indeed, Plaintiffs include allegations about CDK Fund II, LP even though CDK Fund II, LP is not a defendant, no causes of action are asserted against it, and Plaintiffs seemingly take no issue with their investments in CDK Fund II, LP. *See* Compl. ¶¶ 1, 6, 15, 66, 68, 71, 77, 125, 126. Making this point, Plaintiffs repeatedly allege that their damages are $1,253,888.14 all derived from investments contributed to the Partnership and then, in turn, to CDK Fund I SPV, LLC. The Complaint does not allege any facts relating to CDK Fund II, LP that connects it to Plaintiff's claims relating to the $1,253,888.14. *See* Compl. ¶¶ 7-8, 15, 84, 91, 123, 127, 131, 137, 139, 142, 154, 161, 169, 178, 181, 188, 196, 206, 218.

Plaintiffs' allegations regarding CDK Fund II, LP are makeweight that obscure their claims and task the Court with "sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted." *D'Agostino*, No. 22-12365, 2018 WL 7323568, at *1; *see also Dawson v. City of Jacksonville*, No. 22-12365, 2023 WL 6972546, at *1 (11th Cir. Oct. 23, 2023) ("Here, the district court correctly concluded that Dawson's amended complaint was a shot gun pleading [because] it consisted of conclusory, vague, and immaterial facts not obviously connected to any particular cause of action."); *Adgar v. Carney*, 2020 WL 1475422, at *7 (D. Del. Mar. 26, 2020) ("[A] shotgun pleading does not give defendants adequate notice of the claims brought against them and the grounds upon which each claim rests.") (internal citations and quotations omitted).

Plaintiffs' claims for relief are largely legal framework unadorned by any facts or reference to any particular facts. It is precisely because Plaintiffs have no legally-sufficient claim that Plaintiffs task the Fund Defendants and the Court with searching the One Hundred Forty-Two

5

paragraphs that precede the claims for relief to see if any facts can be found that might conceivably fit the legal framework. Plainly that does not satisfy the obligation of Plaintiffs to muster their facts in order to demonstrate that they have pleaded claims that satisfy the justifiably rigorous pleading requirements that govern securities fraud and other fraud-based claims. It is the Plaintiffs' job—not the Court's—to plead facts that fit the causes of action pled.

### 2.    Plaintiffs' Nebulous Pleadings Fail to Identify any Fraudulent Statement Necessary to Plead a 10b-5 Claim.

Plaintiffs' 10b-5 claim rests, as does the entirety of Plaintiffs' Complaint, upon vague allegations of wrongdoing that are unsupported by fact allegations. The pleading standards applicable to securities fraud claims intentionally are rigorous because the Private Securities Litigation Reform Act was enacted by Congress in 1995 expressly to raise the bar in pleading securities claims. Plaintiffs make no attempt to clear that bar.

> To state a claim under § 10(b) and Rule 10b–5, a plaintiff must allege:
> (1) a material misrepresentation or omission; (2) made with scienter;
> (3) a connection with the purchase or sale of a security; (4) reliance on the misstatement or omission; (5) economic loss [i.e., damages]; and
> (6) a causal connection between the material misrepresentation or omission and the loss, commonly called "loss causation."

*Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1236-37 (11th Cir. 2008) (citing *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 341–42 (2005)). A 10b-5 Plaintiff's complaint "must satisfy (1) the federal notice pleading requirements [set *out* in Federal Rule of Civil Procedure 8(a)]; (2) the special fraud pleading requirements found in Federal Rule of Civil Procedure 9(b) . . .; and (3) the additional pleading requirements imposed by the Private Securities Litigation Reform Act of 1995 ("PSLRA"). *FindWhat Inv. Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011) (internal citations omitted).

Under Fed. R. Civ. P. 9(b), a complaint must:

"set forth (1) precisely what statements or omissions were made in which documents or oral representations; (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) them; (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendant obtained as a consequence of the fraud. . . . Notably, the "[f]ailure to satisfy Rule 9(b) is a ground for dismissal of a complaint."

*FindWhat Inv. Grp.*, 658 F.3d at 1296 (citations omitted). The PSLRA demands:

that "the complaint shall specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u–4(b)(1). And for all private Rule 10b–5 actions requiring proof of scienter, "the complaint shall, with respect to each act or omission alleged to violate this chapter, state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind [i.e., scienter]." *Id.* § 78u–4(b)(2). Although factual allegations may be aggregated to infer scienter, scienter must be alleged with respect to each defendant and with respect to each alleged violation of the statute. *Phillips,* 374 F.3d at 1016–18. If these PSLRA pleading requirements are not satisfied, the court "shall" dismiss the complaint. 15 U.S.C. § 78u–4(b)(3)(A).

*FindWhat Inv. Grp.*, 658 F.3d at 1296-97.

The core of Plaintiffs' 10b-5 claim is paragraph 150: "Upon information and belief, Defendants directed the creation and approval of fictitious fund performance and inflated NAV for non-party CDK Fund I, LP and, thereafter, CDF Fund I SPV, LLC, to induce investors, including Plaintiffs, to continue to invest more and to not withdraw capital." Compl. ¶ 150. But, following *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, information and belief pleadings are given no weight when unsupported by facts and the PSLRA demands that Plaintiffs "state with particularity all facts on which that belief is formed." *Id.*; 15 U.S.C. § 78u–4(b)(1). Plaintiffs fail to state with particularity any facts to support the allegations that NAV[4] statements

---

[4]    "Net Asset Value is the net value of an investment fund's assets less its liabilities, divided by the number of shares outstanding." https://www.investopedia.com/terms/n/nav.asp (last accessed May 14, 2024).

were false, that the Fund Defendants directed that they be created and approved them, or that the Fund Defendants acted with scienter. *Id.*

Plaintiffs, moreover, cannot plead causation arising from the alleged NAV statements. Every NAV statement alleged in the Complaint was issued after May 2023,[5] after Plaintiffs made the last of their investments that allegedly resulted in their $1,253,888.14 loss or injury. *See* Compl. ¶ 59. Plaintiffs could not have relied upon these alleged NAV statements in connection with alleged *prior* purchases of the securities that form the bases for their claim. In addition, each of the NAV statements alleged in the Complaint are alleged to have been issued by EFSI (and not by the Fund Defendants).

Finally, Plaintiffs fail to allege that they have suffered any loss. To the contrary, Plaintiffs merely seek delivery of funds that are being held rightfully pursuant to the governing documents. This fails to plead loss causation, which requires a "plaintiff must allege that the subject of the fraudulent statement or omission was the cause of the actual loss suffered, i.e., that the misstatement or omission concealed something from the market that, when disclosed, negatively affected the value of the security." *Arnold v. McFall*, 839 F. Supp. 2d 1281, 1288 (S.D. Fla. 2011) (quoting *Lentell v. Merrill Lynch & Co.,* 396 F.3d 161, 173 (2d Cir.2005) (internal quotation marks and citation omitted)). Plaintiffs do not plead any "loss," but instead sue out of dissatisfaction with their contractual obligations.

Accordingly, the Court should dismiss Plaintiffs' securities fraud claims.

---

[5]    *See* Compl. ¶ 90 (NAV statement issued August 16, 2023), ¶ 94 (NAV statement issued October 3, 2023).

### 3. Plaintiffs Fail to Support Their Florida Securities and Investor Protection Act Claim with Allegations of Fraudulent Statements

Plaintiffs fail to plead a claim under Section 517.301, Fla. Stat., due to the same failure to plead facts establishing the making of any material false statements. "The elements of a cause of action under [§ 517.301] are identical to those under Rule 10b-5 of the Exchange Act, 'except that the scienter requirement under Florida law is satisfied by [a] showing of mere negligence.'" *Arnold v. McFall*, 839 F. Supp. 2d 1281, 1286 (S.D. Fla. 2011) (quoting *Grippo v. Perazzo*, 357 F.3d 1218, 1221 (11th Cir. 2004)).[6]

A plaintiff must allege: "(1) that a defendant made a misstatement or omission (2) of a material fact (3) with scienter (4) upon which the plaintiff relied." *Arnold*, 839 F. Supp. 2d at 1286. A plaintiff must state these elements with the particularity required to satisfy "Rule 9(b)'s heightened pleading requirements . . . ." *Id.* In other words, the plaintiff must allege: "(1) precisely what documents or oral representation were made, . . . (2) the time and place of each statement and [where possible] the person responsible for making (or, in the case or omissions, not making) same, . . . (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Id.* (quoting *In re Corp. Sec. Litig.*, 358 F. Supp. 2d 1130, 1138 (M.D. Fla. 2005)); *see also Space Coast Credit Union v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 295 F.R.D. 540, 545 (S.D. Fla. Mar. 18, 2013) (stating that plaintiff's claim under the Florida Securities and Investor Protection Act was subject to the Rule 9(b)).

---

[6]    A FSIPA plaintiff "need not prove loss causation under Florida law." *Arnold*, 839 F. Supp. 2d at 1286 (citing *E.F. Hutton Co., Inc. v. Rousseff*, 537 So. 2d 978, 981 (Fla. 1989)). That is because an FSIPA claim is not a claim for damages, but rather seeks rescission. *Rousseff*, 537 So. 2d at 981.

Plaintiffs' FSIPA claim fails under Rule 8(a)(2) and 9(b). Plaintiffs do not identify any misstatement or omission underlying the claim. *See* Compl. ¶¶ 156-64. The only potential misstatement that Plaintiffs point to is their nebulous assertion that Plaintiffs' lawful contribution of Plaintiffs' capital to CDK Fund I, SPV, LLC was "contrary to Defendants' assurance that any investment would be both safe and liquid." *Id.* at ¶ 161. But nowhere in the complaint do Plaintiffs identify any assurance of the safety and liquidity of Plaintiffs' investment. *Id.* Indeed, the only other paragraph that contains the word "safe" is paragraph 35. *Id.* at ¶ 35. In that paragraph, Plaintiffs allege that the Fund Defendants hid "the actual diligence [they] had undertaken to ensure that, at all times, investor capital, including that of Plaintiffs, would always be redeemable, liquid and consequently safe." *Id.* at ¶35. This, again, is not a statement of the Fund Defendants, but merely an assertion (unsupported by any pleaded facts) that the Fund Defendants failed to live up to Plaintiffs' amorphous standard of diligence.

Beyond that, Plaintiffs merely allege in general terms that "Defendants" made misrepresentations and omissions of material facts. Plaintiffs, however, fail to identify, as they must, precisely who made the misrepresentations or omissions, the time and place the misrepresentations were made, the content of the statements, how Plaintiffs were misled by them, and what the Fund Defendants obtained as a consequence. *See Arnold*, 839 F. Supp. 2d at 1286. For example, Plaintiffs make conclusory allegations about the Fund Defendants' alleged misrepresentations:

> Defendants made both oral and written misrepresentation of fact to Plaintiffs through offering materials, marketing materials, emails, texts, investor deck presentations, newsletters, account statements, social media posts and in-person meetings relating their pooled investment vehicles, investment strategies and objectives, portfolio diversification, safeguards, supervision and due diligence designed to protect investors, proprietary trading platforms, accounts liquidity, investment skill and judgment, and the potential for profit based on their efforts.

Compl. ¶ 3. Plaintiffs do not, however, identify what the misrepresentations were or who or when the misrepresentations were made. Indeed, the only potential allegation of an identified misrepresentation is that Cody Kerns and CDK Capital Partners I, LLC represented that they owned an algorithm that had generated consistent returns. Compl. ¶ 4. Plaintiffs allege no facts to support their assertion of falsity. Plaintiffs do not allege when that representation was made or exactly which "materials" it was included in. *See id.*; *see also Arnold*, 839 F. Supp. 2d at 1287 (dismissing FSIPA claim; the particularity requirement "serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior.") (internal citations omitted).[7]

Plaintiffs fail to identify a specific misrepresentation or actionable omission of material fact and thus, their FSIPA claim should be dismissed.

### 4.    Plaintiffs Fail to Plausibly Allege any Breach of Fiduciary Duty

"To sufficiently plead breach of fiduciary duty, the plaintiff must allege (1) existence of a fiduciary duty; (2) a breach of that duty; and (3) that breach proximately caused the plaintiffs damages." *Billingsley v. Emmons*, 8:21-CV-351- KKM-CPT, 2021 WL 3493625, at *2 (M.D. Fla. Aug 09, 2021) (citing *Rocco v. Glenn, Rasmussen, Fogarty 8c Hooker P.A.*, 32 So. 3d 111, 116 n.2 (Fla. 2d DCA 2009)). Delaware law is substantially similar. *See Palmer v. Reali*, 211 F. Supp. 3d 655, 666 (D. Del. 2016).

Under Florida law, the "duty of care 'in the conduct . . . of the company's activities and

---

[7]    The Complaint is replete with conclusory allegations of misrepresentations with no supporting facts. *See* Compl. ¶ 5 ("Defendants pitched themselves as providing not just high returns, but they also guaranteed the security of Plaintiffs' funds."); *id.* ¶ 34 ("Defendants knew . . . that the statements that Defendants made to solicit funds, including, but not limited to, investment strategy and diversification, were materially false and misleading.").

affairs is to refrain from engaging in grossly negligent or reckless conduct, willful or intentional misconduct, or a knowing violation of law.' § 605.04091(3)." *Am. Sales & Mgmt. Org. v. Lopez*, 373 So. 3d 1198, 1211 (Fla. 3d DCA 2023); *FDIC v. Mintz*, 816 F.Supp. 1541 (S.D. Fla. 1992). Thus, in order to plead the gross negligence that will state a claim for breach of fiduciary duty, a plaintiff must plead "'facts evincing a reckless, wanton, and willful disregard of these duties.'" *Lindquist v. Linxian*, Case No. 11-23876-Civ, 2012 WL 3811800, at *4 (S.D. Fla. Sep 04, 2012). Delaware law is the same. *In re Cadira Grp. Hold., LLC Litig.*, 2021 WL 2912479, at *3; n. 106, 107 (Del. Ch. Apr. 14, 2021) (a gross negligence standard is the duty of care).

Plaintiffs' allegations in support of their breach of fiduciary duty claims are fact free and conclusory allegations that fail to satisfy *Iqbal* and *Twombly*, much less plead gross negligence. Pleading that "Defendants' [unspecified] actions were willful and in reckless disregard of Plaintiffs' rights and interests," Compl. ¶ 169, amount to nothing more than deficient "the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 556 U.S. at 678. Plaintiffs fail to advise the Fund Defendants and the Court of exactly what conduct the Fund Defendants engaged in that constitutes a breach of their purported fiduciary duties. *See* Compl. ¶ 168 ("By virtue of the conduct and acts described herein, Defendants have breached their fiduciary duties to Plaintiffs."). Thus, Plaintiffs "fail to allege facts that could show this Court that each individual Defendant is plausibly liable for a breach of fiduciary duty." *Silver Crown Investments, LLC v. Team Real Estate Mgm't, LLC*, 349 F. Supp. 3d 1316, 1331 (S.D. Fla. 2019).

Plaintiffs also fail to identify which of the Fund Defendants they contend breached a fiduciary duty to Plaintiffs. *See Hirsch v. Lyndon Southern Ins. Co.*, 3:17- CV-1215, 2019 WL 5110622, at *3 (M.D. Fla. June 7, 2019) (recommending dismissal because the "SAC remains a shotgun pleading that impermissibly lumps multiple Defendants and non-parties together, making

it unclear … which Defendants or non-parties are responsible for which actions.") (emphasis added).  Plaintiffs' failure to spell out what each of the Fund Defendants allegedly did is fatal. Plaintiffs' breach of fiduciary duty claim should be dismissed.

### 5.    Plaintiffs Fail to Allege Any Fraudulent Statement that Induced Them to Invest

Plaintiffs' fraudulent inducement claim fails because, once again, Plaintiffs fail to specify any alleged fraudulent statements that induced them to invest. The elements of a claim for fraudulent inducement are: "(1) a false statement of material fact; (2) the maker of the false statement knew or should have known of the falsity of the statement; (3) the maker intended that the false statement induce another's reliance; and (4) the other party justifiably relied on the false statement to its detriment." *Novak v. Gray*, 469 F. App'x 811, 815-816 (11th Cir. 2012); *Bradley Factor, Inc. v. United States*, 86 F. Supp. 2d 1140, 1146 (M.D. Fla. 2000).[8]  Claims for fraud and fraudulent inducement, of course, are subject to Rule 9(b)'s heightened pleading standard, which "clearly requires . . . the circumstances underlying the . . . fraud claims to be stated with particularity." *Durden v. Citicorp Trust Bank, FSB*, No. 3:07-CV-974-J-33JRK, 2008 WL 2098040, at *5 (M.D. Fla. May 16, 2008) (citing Fed. R. Civ. P. 9(b)); *see* B.2 *supra* for a discussion of Rule 9(b).  Rule 9(b) "serves an important purpose, both in alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." *Omnipol, A.S. v. Multinational Defense Servs., LLC*, 32 F.4th 1298, 1307 (11th Cir. 2022).

Far from meeting Rule 9(b)'s particularity requirement, Plaintiffs do not identify a single false statement of fact made by the Fund Defendants within their fraud/fraud in the inducement

---

[8]    The elements are substantially the same under Delaware law.  *See Accelerant Twister, LLC v. Marjo, LLC*, 2023 WL 4457422, at *4 (D. Del. June 11, 2023).

count. *See* Compl. ¶¶ 172-181.  Instead, Plaintiffs expect the Fund Defendants and the Court to parse through the preceding 170 paragraphs to figure out just exactly which "misrepresentations and omissions set forth above" constitute actionable, fraudulent statements. *See* Compl. ¶ 173.  In doing so, Plaintiffs make it impossible for the Fund Defendants and the Court to determine "the place of the statement, the person who made it, the manner in which the statement misled [Plaintiffs], or what [Defendants] obtained as a result of the fraud." *Darden*, 2008 WL 2098040, at *5.

Beyond that, Plaintiffs merely allege in conclusory fashion that "Defendants" made false representations.  For example, Plaintiffs contend that the Fund Defendants "pitched themselves as providing not just high returns, but they also guaranteed the security of Plaintiffs' funds." Compl. ¶ 5.  That allegation fails to identify a precise statement and it fails to identify who, where, and when the statement was made. *See Darden*, 2008 WL 2098040, at *5.  Plaintiffs also contend that the (non-party) Partnership's "marketing materials" were "materially false and  misleading." Compl. ¶¶ 32-34.  Again, Plaintiffs fail to identify "what documents" contained misrepresentations and what exactly those misrepresentations were. *See Darden*, 2008 WL 2098040, at *5.  Later, Plaintiffs state merely that CDK Capital Partners I, LLC and Cody Kerns misrepresented the Partnership's risks. *See* Compl. ¶¶ 35-36.  Yet again, Plaintiffs fail to identify exactly what CDK Capital Partners I, LLC and Cody Kerns said that was a misrepresentation. Finally, Plaintiffs allege that the Fund Defendants falsely represented that they would use proprietary software to execute trades. *See* Compl. ¶¶ 4, 69.  But the closest Plaintiffs get to explaining who, where, and when such statement is made is Plaintiffs' allegation that the non-party Partnership stated in its marketing materials that it had an algorithm.  Compl. ¶ 4.  But Plaintiffs

do not identify precisely what marketing materials they are referring to or plead any facts that would establish that the Partnership *did not* have access to an algorithm.

By failing to plead their fraud claims with any semblance of particularity, the Fund Defendants, and the Court, are left to guess as to precisely what misconduct Plaintiffs contend was fraudulent. Count IV for Common Law Fraud/Fraud in the Inducement should be dismissed.

### 6.    Plaintiffs Fail to Plead a Negligent Misrepresentation Because They Fail to Plead any Statement that They Relied Upon.

Plaintiffs fail to plead the elements of a negligent misrepresentation claim because they fail to plead with particularity what misstatements allegedly were false. "To plead negligent misrepresentation under Florida law, a plaintiff must allege: (1) the defendant made a statement of material fact that the defendant believed was true but was actually false; (2) the defendant was negligent because he should have known the statement was false; (3) the defendant intended to induce the plaintiff to rely on the false statement; and (4) an injury resulted to the plaintiff acting in justifiable reliance on the false statement." *Lockwood v. Oliver*, No. 8:20-CV-1990, 2021 WL 75123, at *3 (M.D. Fla. Jan. 8, 2021); *Gilchrist Timber Co. v. ITT Rayonier, Inc.,* 696 So. 2d 334, 337 (Fla. 1997) (adopting Restatement (Second) of Torts § 552 (1977)). Negligent misrepresentation claims are subject to Rule 9(b) pleading standards. *See Linville v. Ginn Real Estate Co., LLC*, 697 F. Supp. 2d 1302, 1306 (M.D. Fla. Mar. 10, 2010); *King v. Pratt & Whitney Canada Corp.*, No. 20-359, 2021 WL 663059, at *3 (D. Del. Feb. 19, 2021) (when a negligent misrepresentation claim sounds in fraud it is subject to Rule 9(b)'s pleading standards).

Plaintiffs state only that they relied upon the "misrepresentations and omissions set forth above," or "as detailed above." Compl. ¶¶ 174, 176. The Court and the Fund Defendants are once again left to guess as to what statements "above" Plaintiffs rely upon for their negligent misrepresentation claims, and this is fatal.

15

### 7.   Plaintiffs Fail to Plead a Conversion Claim Due to Failure to Plead an Immediate Right of Possession to Specific and Identifiable Monies.

Plaintiffs fail to plead a claim for conversion because they fail to plead that they have an immediate right to possession of any specific and identifiable monies. In *Regions Bank v. Kaplan*, 17-15478, 18-13220 (11th Cir. Oct 19, 2021), the Eleventh Circuit affirmed summary judgment in favor of the bank where plaintiff had provided funds via several checks and any obligation running from bank to plaintiff could be satisfied by the payment of money generally:

> An action for conversion of money requires: (1) specific and identifiable money; (2) possession or an immediate right to possess that money; (3) an unauthorized act which deprives plaintiff of that money; and (4) a demand for return of the money and a refusal to do so.   Funds are specifically identifiable if "delivered at one time, by one act and in one mass, or where the deposit is special and the identical money is to be kept for the party making the deposit, or where the wrongful possession of such property is obtained." …. Additionally, "an action for conversion of money can only be maintained where the money at issue has been kept separate."

*Id.* (citations omitted). Here, as in *Regions Bank*, Plaintiffs cannot plead that they seek a specific and identifiable sum of money that is the subject of their claim because Plaintiffs admittedly provided funds in multiple installments and the purpose of doing so was for the Fund Defendants to invest those funds with third parties.   This   intention   that   funds   would   be   invested   is antithetical   to   any obligation to Plaintiffs having the right to immediate possession of funds, and that is why Plaintiffs fail to plead the necessary right of immediate possession.[9]

### 8.   Plaintiffs Fail to Plead an Unjust Enrichment Claim Because a Contract Covers the Subject Matter of their Claims.

Plaintiffs do not plead a viable unjust enrichment claim because, as Plaintiffs plead, a

---

[9]   Delaware law does not even permit conversion of money claims. *See Commerce Nat. Ins. Servs., Inc. v. Buchler*, 2003 WL 229353225, at *6 (D. Del. Dec. 10, 2003) ("No Delaware court has 'recognized a cause of action for conversion of money, as opposed to goods.'") (quoting *Goodrich v. E.F. Hutton Grp., Inc.*, 542 A.2d 1200, 1203 (D. Ch. 1988)).

contract covers the subject matter of this controversy. The elements of a claim for unjust enrichment are: "(1) the plaintiff has conferred a benefit on the defendant; (2) the defendant has knowledge of the benefit; (3) the defendant has accepted or retained the benefit conferred; and (4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying fair value for it." *Moynet v. Courtois*, 8 So. 3d 377, 378 (Fla. 3d DCA 2009).

No claim for unjust enrichment lies when there is an express contract covering the subject matter. *Diamond "S" Dev. Corp. v. Mercantile Bank*, 989 So.2d 696 (Fla. 1st DCA 2008) (*per curiam*) ("Florida courts have held that a plaintiff cannot pursue a quasi-contract claim for unjust enrichment if an express contract exists concerning the same subject matter.") (collecting cases); *see also Fundamental Nutrition LLC v. Emerge Nutraceuticals Inc.*, 5:23-cv-64-JA-PRL, 2024 WL 838083, at*4 (M.D. Fla. Feb 28, 2024).[10] Here, Plaintiffs cite to and allege the existence of the CDK Fund I, LP Offering Documents, and the CDK Fund I SPV, LLC Operating Agreement. *See* Compl. ¶¶ 32, 37, 38, 70, 79, 80, 81-85, 104-114, 134.

---

[10]    The same is true under Delaware law.  *See City of Tacoma v. Worldgate Comms., Inc.*, 2005 WL 8171766, at *1 (D. Del. Sept. 30, 2005) (noting "the long recognized principle that a plaintiff cannot recover on an unjust enrichment theory when the parties' relationship is governed by an express contract.") (citations omitted).

## <u>CONCLUSION</u>

For all the foregoing reasons, the Fund Defendants respectfully request that the Court grant

their Motion to Dismiss with prejudice and such other relief as the Court deems just and proper.

Dated: March 25, 2025

Of Counsel

Robert Kemper (*pro hac vice*)
SANCHEZ FISCHER LEVINE, LLP
101 N.E. 3rd Avenue, Ste 1110
Fort Lauderdale, FL 33301
(954) 510-9942
*rkemper@sfl-law.com*

David Levine (*pro hac vice*)
Michael P. De Simone (*pro hac vice*)
SANCHEZ FISCHER LEVINE, LLP
1200 Brickell Avenue, Ste 750
Miami, FL 33131
(305) 925-9947
*dlevine@sfl-law.com*
*mdesimone@sfl-law.com*

TROUTMAN PEPPER LOCKE LLP

*/s/ Christopher B. Chuff*
Christopher B. Chuff (DE # 5729)
Tyler R. Wilson (DE # 7129)
Hercules Plaza, Suite 1000
1313 Market Street, PO Box 1709
Wilmington, DE 19899-1709
(302) 777-6500
chris.chuff@troutman.com
tyler.wilson@troutman.com

*Attorneys for Defendants CDK Fund I SPV,*
*LLC, CDK Capital Partners I, LLC, and Cody*
*Kerns*

18

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE STATE OF DELAWARE**

| | |
|---|---|
| KEVIN DEBBS and LIBERTY NATIONAL TRUST, <br><br>         Plaintiffs, <br><br>    v. <br><br> CDK FUND I SPV, LLC, CDK CAPITAL PARTNERS I, LLC, CODY KERNS, and ESSENTIAL FUND SERVICES INTERNATIONAL, LLC, <br><br>         Defendants. | Case No. 1:25-cv-00205-GBW |

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2025, I electronically re-filed a true and accurate copy of the foregoing Defendants CDK FUND I SPV, LLC, CDK Capital Partners I, LLC, and Cody Kerns'  with the Clerk of Court using the CM/ECF electronic filing system, which will send notification of such filing to all counsel of record.

*/s/ Christopher B. Chuff*
Christopher B. Chuff (DE # 5729)