IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEVIN DEBBS and LIBERTY NATIONAL TRUST, <br><br> Plaintiffs, <br><br> v. <br><br> CDK FUND I SPV, LLC, CDK CAPITAL PARTNERS I, LLC, CODY KERNS, and ESSENTIAL FUND SERVICES INTERNATIONAL, LLC, <br><br> Defendants. | C.A. No. 1:25-CV-00205-GBW |

**DEFENDANT ESSENTIAL FUND SERVICES INTERNATIONAL, LLC'S RE-FILED OPENING BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS COMPLAINT**

Sidney S. Liebesman (No. 3702)
Joshua K. Tufts (No. 7275)
1201 North Market Street, Suite 1200
Wilmington, DE 19801
Phone (302) 654-7444/Fax (302) 656-8920
sliebesman@foxrothschild.com
jtufts@foxrothschild.com

*Attorneys for Defendants Essential Fund Services International, LLC*

# TABLE OF CONTENTS

TABLE OF CONTENTS .................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................. ii

STATEMENT OF THE NATURE AND STATE OF THE PROCEEDINGS ........................... 1

SUMMARY OF ARGUMENT ............................................................................................ 1

STATEMENT OF FACTS .................................................................................................. 3

ARGUMENT ...................................................................................................................... 3

I.      THE COURT LACKS SUBJECT MATTER JURISDICTION OVER EFSI BECAUSE PLAINTIFFS FAIL TO STATE A CLAIM AGAINST EFSI UNDER THE EXCHANGE ACT (COUNT I). ........................................................... 3

      A.    The Exchange Act is inapplicable to EFSI because EFSI was not involved in Plaintiffs' purchase or sale of securities. ................................. 3

      B.    Plaintiffs have no grounds for invoking federal question jurisdiction or supplemental jurisdiction. ........................................................................ 6

II.     THE COMPLAINT FAILS TO STATE A CLAIM AGAINST EFSI. .................. 7

      A.    Applicable pleading standards. .................................................................... 7

      B.    The claim for Breach of Fiduciary Duty (Count III) fails. ......................... 9

            1.    EFSI did not owe a duty of care to Plaintiffs. ................................ 9

            2.    EFSI could not have caused Plaintiffs' damages. .......................... 10

      C.    The claim for Negligent Misrepresentation (Count V) fails. .................... 11

      D.    The claim for Unjust Enrichment (Count VII) fails. ................................. 12

      E.    The claim for Negligence (Count VIII) fails. ........................................... 13

CONCLUSION .................................................................................................................. 15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Arenado v. Fla. Power & Light Co.*,
    541 So. 2d 612 (Fla. 1989)......................................................................................14

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)........................................................................................8, 9

*Baggett v. First Nat. Bank of Gainesville*,
    117 F.3d 1342 (11th Cir. 1997) ...........................................................................7

*Barnett Bank of W. Fla. v. Hooper*,
    498 So. 2d 923 (Fla. 1986).....................................................................................9

*Baum v. Phillips, Appel & Walden, Inc.*,
    648 F.Supp. 1518 (S.D.N.Y. 1986), *aff'd sub nom.,* 867 F.2d 776 (2d Cir.
    1989) ...............................................................................................................5, 6

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)....................................................................................8, 9, 13

*Biegler v. Underwriting Serv. Mgmt. Co., LLC*,
    2022 WL 17820533 (Del. Ch. Dec. 20, 2022)....................................................10

*Blue Chip Stamps v. Manor Drug Stores*,
    421 U.S. 723 (1975)..........................................................................................4, 5

*Bonner v. City of Prich78ard*,
    661 F.2d 1206 (11th Cir. 1981) ...........................................................................4

*Carnegie-Mellon Univ. v. Cohill*,
    484 U.S. 343 (1988)..............................................................................................7

*CFLB P'ship LLC v. Diamond Blue Int'l, Inc.*,
    352 So. 3d 357 (Fla. 3d DCA 2022) ..................................................................12

*U.S. ex rel. Clausen v. Laboratory Corp. of Am., Inc.*,
    290 F.3d 1301 (11th Cir. 2002) ...........................................................................4

*Clay Elec. Coop., Inc. v. Johnson*,
    873 So. 2d 1182 (Fla. 2004)...................................................................11, 13, 14

*Court Appointed Receiver of Lancer Offshore, Inc. v. Citco Grp. Ltd.*,
    2011 WL 1233106 (S.D. Fla. 2011) ...................................................................10

*Davies v. Holder*,
    2011 WL 2457813 (M.D. Fla. June 2, 2011) ................................................6

*Delta Coal Program v. Libman*,
    743 F.2d 852 (11th Cir. 1984) ....................................................................7

*Disarro v. Ezricare, LLC*,
    2023 WL 4737010 (M.D. Fla. July 25, 2023) ..........................................6

*Dynamis Therapeutics, Inc. v. Alberto-Culver Int'l Inc.*,
    2010 WL 3834405 (D. Del. Sept. 24, 2010) ..........................................10

*Findwhat Investor Grp. v. Findwhat.com*,
    658 F.3d 1282 (11th Cir. 2011) ..............................................................6, 8

*Glickman v. Kindred Hosps. E., LLC*,
    314 So. 3d 630 (Fla. 3d DCA 2021) ......................................................14

*Gracey v. Eaker*,
    837 So. 2d 348 (Fla. 2002) ....................................................................11

*Gurley v. Documation Inc.*,
    674 F.2d 253 (4th Cir. 1982) ................................................................5, 6

*Hogan v. Provident Life & Accident Ins. Co.*,
    665 F.Supp.2d 1273 (M.D. Fla. 2009) ..................................................9, 10

*In re January 2021 Short Squeeze Trading Litigation*,
    76 F.4th 1335 (11th Cir. 2023) ..........................................................14, 15

*Kaisner v. Kolb*,
    543 So. 2d 732 (Fla. 1989) ....................................................................14

*King v. Pratt & Whitney Canada Corp.*,
    2021 WL 663059 (D. Del. Feb. 19, 2021) ..............................................8

*Kopel v. Kopel*,
    229 So. 3d 812 (Fla. 2017) ..............................................................12, 13

*Kostantinakos v. Federal Deposit Ins. Corp.*,
    719 F.Supp. 35 (D. Mass. 1989) ..............................................................4

*Licht v. Watson*,
    567 F. App'x. 689 (11th Cir. 2014) ......................................................5, 6

*Linville v. Ginn Real Est. Co.*,
    697 F.Supp.2d 1302 (M.D. Fla. 2010) ....................................................8

*Mamani v. Berzain*,
    654 F.3d 1148 (11th Cir. 2011) ............................................................9

*McCain v. Fla. Power Corp.*,
    593 So. 2d 500 (Fla. 1992)............................................................13

*Mugge v. Tampa Waterworks Co.*,
    52 Fla. 371, 42 So. 81 (1906) ............................................................14

*Myers v. Provident Life & Accident Ins. Co.*,
    2023 WL 348859 (M.D. Fla. Jan. 20, 2023)....................................9, 10

*Nichols v. Twilley, St. & Braverman, P.A.*,
    1991 WL 226777 (D. Del. Oct. 3, 1991) ............................................13

*Parker v. Gordon*,
    442 So. 2d 273 (Fla. 4th DCA 1983) ............................................9

*Reid v. Hughes*,
    578 F.2d 634 (5th Cir. 1978) ............................................................4, 6

*Sacks v. Reynolds Sec., Inc.*,
    593 F.2d 1234 (D.C. Cir. 1978)........................................................5, 6

*Scott v. Experian Info. Sols., Inc.*,
    2018 WL 3360754 (S.D. Fla. June 29, 2018) ....................................13

*Silver v. Countrywide Home Loans, Inc.*,
    760 F.Supp.2d 1330 (S.D. Fla. 2011), *aff'd*, 483 F. App'x 568 (11th Cir. 2012) ....................9

*Simons v. Cogan*,
    549 A.2d 300 (Del. 1988) ............................................................10

*Souran v. Travelers Ins. Co.*,
    982 F.2d 1497 (11th Cir. 1993) ............................................................8

*Thompson v. Relation–Serve Media, Inc.*,
    610 F.3d 628 (11th Cir. 2010) ............................................................8

*Tiara Condo. Ass'n, Inc. v. Marsh & McLennan Cos., Inc.*,
    607 F.3d 742 (11th Cir. 2010) ............................................................11

*Vichi v. Koninklijke Philips Elecs. N.V.*,
    62 A.3d 26 (Del. Ch. 2012)............................................................12

*Vichi v. Koninklijke Philips Elecs., N.V.*,
    85 A.3d 725 (Del. Ch. 2014)............................................................11

*Virgilio v. Ryland Grp., Inc.*,
  680 F.3d 1329 (11th Cir. 2012) ...................................................................14, 15

*Whitehead v. BBVA Compass Bank*,
  979 F.3d 1327 (11th Cir. 2020) .....................................................................3, 4

**Statutes**

15 U.S.C. § 78aa ...............................................................................................7

15 U.S.C. § 78j(b) .............................................................................................3

15 U.S.C. § 78u-4(b)(1)(B) ...............................................................................6

15 U.S.C. § 78u-4(b)(2) ....................................................................................6

28 U.S.C. § 1331 ...............................................................................................6

28 U.S.C. § 1367(c)(3) ......................................................................................7

**Other Authorities**

17 C.F.R. § 240.10b-5 .......................................................................................3

Fed. R. Civ. P. 8(a) ...........................................................................................8

Fed. R. Civ. P. 9(b) ....................................................................................4, 6, 8

Fed. R. Civ. P. 10b-5 ............................................................................. *passim*

Fed. R. Civ. P. 12(b)(6) .....................................................................................9

## STATEMENT OF THE NATURE AND STATE OF THE PROCEEDINGS

This case began about a year ago with a complaint filed in the Middle District of Florida. D.I. 1 ("Complaint"). Defendant Essential Fund Services International, LLC ("EFSI") responded with a motion to dismiss the Complaint. D.I. 34. Defendants CDK Capital Partners I, LLC, CDK Fund I SPV, LLC, Cody Kerns (collectively, "CDK Defendants") responded with a motion to transfer venue and to dismiss. D.I. 43. Plaintiffs Kevin Debbs and Liberty National Trust opposed those motions. D.I. 53, 60. With leave (D.I. 59, 64), Defendants replied (D.I. 65, 66). As to EFSI's motion to dismiss, Plaintiffs were allowed a sur-reply. D.I. 59, 67.

On February 19, 2025, Judge Badalamenti granted the motion to transfer, denied the CDK Defendants' motion to dismiss without prejudice, and denied all pending motions as moot. D.I. 68. The next day, the case transferred to the District of Delaware. D.I. 69. Plaintiffs moved for reconsideration of Judge Badalamenti's order transferring the case. D.I. 72, 73. The parties disagreed about the effect Judge Badalamenti's order and sought guidance from this Court. D.I. 78, 79. This Court ordered that any motions to dismiss and related briefing must be re-filed, that no new filings in relation to the same are allowed, and that the parties "shall only make non-substantive edits to their re-filed documents, if necessary, to reflect the transfer of this action to this Court and to ensure compliance with this Courts local rules." D.I. 87. This is EFSI's re-filed opening brief in support of its re-filed motion to dismiss.

## SUMMARY OF ARGUMENT

1.    The Court lacks subject matter jurisdiction over the Complaint. Although Plaintiffs sued EFSI under the Exchange Act, the Act requires that the cause of action arise from the purchase or sale of a security, something that EFSI, as the Funds' (defined herein) record-keeping administrator, is not alleged to have participated in. The entire case should therefore be dismissed against EFSI because there is no subject matter jurisdiction over the claims against EFSI.

1

2.      Plaintiffs additionally failed to sufficiently plead acts of wrongdoing *against*

*EFSI*. Instead, Plaintiffs alleged:

a.  They invested in the Funds *before* EFSI became the Funds' administrator in August 2023 and *before* EFSI sent Plaintiffs a net asset value statement ("NAV").[1]

b.  EFSI became the Funds' administrator *after* the central allegation of the Complaint occurred:

> On July 15, 2023, in an in-person meeting in Las Vegas, Nevada, Justin Freishtat, a promoter and later officer and director of [Defendant] CDK Capital Partners I, LLC, advised Plaintiff Kevin Debbs, that Defendants had *transferred all or substantially all* of the Partnership's assets and control over same to FxWinning and that at least seventy percent (70%) of Partnership's assets that Defendants had sent to FxWinning were lost.[2]

c.  No justifiable reliance allegations against EFSI.[3]

d.  No scienter allegations against EFSI.[4] The allegations describe efforts by the other Defendants to solicit capital and induce Plaintiffs to invest—something EFSI did not participate in.

e.  No loss causation allegations against EFSI.[5] The allegations identify Plaintiffs' damages as the investments that were allegedly lost by the other Defendants.

f.  No allegations with any degree of specificity against EFSI. At best, Plaintiffs grouped the "Defendants" together with no discussion as to what, how, when, or why each Defendant engaged in wrongdoing.

Plaintiffs' claims against EFSI therefore must all be dismissed.

---

[1] *See* Complaint ¶¶ 43, 44, 62, 74, 77, 86, 90, and 210. *See also* Complaint, ¶¶ 45, 57, 58, 73, and 78 (referring to the Funds' "former Fund Administrator").

[2] Complaint ¶ 74 (emphasis added). The "Partnership" refers to CDK Fund I, LP, one of the entities that comprise the Funds. *See* Complaint ¶ 30. "FxWinning" refers to FxWinning, Ltd., who allegedly provided forex currency and other trading strategies through brokers outside of the United States and is the subject of a lawsuit by, *inter alia,* Defendant Cody Kerns and nonparty Kerns Capital Management, Inc. *See* Complaint ¶¶ 45-46.

[3] Complaint ¶ 133. *See also* ¶¶ 134-136 (singling out the other Defendants).

[4] *See* Complaint ¶¶ 137-138.

[5] *See* Complaint ¶¶ 139-142.

## STATEMENT OF FACTS

EFSI provides administrative services to investment funds like CDK Fund I LP and CDK Fund II LP (in which Plaintiffs invested) and Defendant CDK Fund I SPV LLC (collectively, the "Funds").[6] EFSI is not in privity with Plaintiffs. It does not: (a) manage their money, (b) offer investment advice, or (c) hold their money. It simply provided NAVs on the Funds' behalf.[7] Yet, when Plaintiffs demanded the return of their money and the Funds allegedly refused to comply,[8] Plaintiffs sued the Funds *and EFSI* for: (I) Violation of Securities Exchange Act of 1934 and Rule 10b-5; (III) Breach of Fiduciary Duty; (V) Negligent Misrepresentation; (VII) Unjust Enrichment; and (VIII) Negligence.[9]

## ARGUMENT

### I. THE COURT LACKS SUBJECT MATTER JURISDICTION OVER EFSI BECAUSE PLAINTIFFS FAIL TO STATE A CLAIM AGAINST EFSI UNDER THE EXCHANGE ACT (COUNT I).

#### A. The Exchange Act is inapplicable to EFSI because EFSI was not involved in Plaintiffs' purchase or sale of securities.

A claim under the Exchange Act requires that the parties to the claim be involved in the "purchase" or "sale" of securities as contemplated by the Act. *See* 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5 (proscribing acts "in connection with the purchase or sale of any security."). Here, however, EFSI's role *post-dates* Plaintiffs' investments in the Funds, and EFSI is not alleged to have participated in either the purchase or sale of an investment.[10] *See Whitehead v. BBVA Compass Bank,* 979 F.3d 1327, 1331 (11th Cir. 2020) (entering summary judgment for defendants

---

[6] *See* Complaint ¶ 19 (as to EFSI) and ¶¶ 43, 44, and 62 (as to Plaintiffs' investment).
[7] *See* Complaint ¶¶ 90, 95, 99-101, 117-121, 147, 149, 151, 152, 216, and 217.
[8] *See* Complaint ¶¶ 89, 92, and 136.
[9] Plaintiffs' counsel has advised that EFSI was mistakenly included in Count II (Violations of Florida Securities and Investment Protection Act). The Securities Exchange Act of 1934 and Rule 10b-5 are collectively referred to as the "Exchange Act."
[10] *See* Complaint ¶¶ 43, 44, 62, 74, and 77.

because they "were *not involved* in the decision to surrender or the act of surrendering [certificate of deposit]. Thus, they cannot fairly be accused of being the proximate cause of [plaintiff's] harm when the CD was surrendered.") (emphasis added); *Kostantinakos v. Federal Deposit Ins. Corp.,* 719 F.Supp. 35, 39 (D. Mass. 1989) (holding that defendants' status as officers and directors of bank was insufficient to support securities fraud claim).

As a basic matter of law, persons cannot sue for a violation of Rule 10b-5 if they are "neither 'purchasers' nor 'sellers,' as those terms are defined in the 1934 Act." *Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 755 (1975); *see also Reid v. Hughes,* 578 F.2d 634, 636 (5th Cir. 1978) ("It is axiomatic that the purchase or sale of securities by a plaintiff is a jurisdictional prerequisite to the maintenance of a claim for damages under [the Exchange Act], and the failure to allege such requires a dismissal of the action as a matter of law.") (internal citation omitted).[11]

Just as someone who did not purchase or sell securities lacks standing under the Exchange Act, someone who did not participate in the purchase or sale of a security bears no liability under the Act. *See Whitehead,* 979 F.3d at 1331. Because EFSI was not involved in Plaintiffs' alleged purchase of securities, Plaintiffs' claim against EFSI fails.

Plaintiffs try to skirt this glaring fatality by alleging, "on information and belief," they relied on the post-loss NAVs in deciding whether to "withdraw capital" or cash out.[12] However, the caselaw makes clear that one cannot sue under the Exchange Act based on allegations that one was dissuaded from buying or selling their securities. *See Licht v. Watson,* 567 F. App'x 689, 694

---

[11] All decisions of the Fifth Circuit issued prior to October 1, 1981 are binding on the Eleventh Circuit. *See Bonner v. City of Prich78ard,* 661 F.2d 1206, 1210 (11th Cir. 1981).

[12] Complaint ¶ 150. Even then, this allegation fails because it is based upon "information and belief." *U.S. ex rel. Clausen v. Laboratory Corp. of Am., Inc.,* 290 F.3d 1301, 1310 (11th Cir. 2002) ("when Rule 9(b) applies, pleadings generally cannot be based on information and belief") (quotation omitted).

(11th Cir. 2014) (upholding dismissal of claim under the Act "because [plaintiff] failed to allege that he was a purchaser or seller of securities" and refusing to extend the applicability of the Act to those who suffered an injury based on a "causal connection" to a violation of the Act, but did not purchase or sell the securities as a result of defendants' misconduct); *Baum v. Phillips, Appel & Walden, Inc.,* 648 F.Supp. 1518, 1526 (S.D.N.Y. 1986) (being induced to retain securities is not a violation of Rule 10b–5), *aff'd sub nom.,* 867 F.2d 776 (2d Cir. 1989); *Sacks v. Reynolds Sec., Inc.,* 593 F.2d 1234, 1241 (D.C. Cir. 1978) ("*Blue Chip* does not permit recovery under Rule 10b-5 when alleged fraud causes an investor to retain ownership in securities."); *Gurley v. Documation Inc.,* 674 F.2d 253, 257 (4th Cir. 1982) ("a plaintiff who claims he was fraudulently caused to delay the sale of securities lacks standing to sue under [the Act].") (abrogated on other grounds by *Hirschler v. GMD Invs. Ltd. P'ship,* 972 F.2d 340 (4th Cir. 1992)).

The *Licht* Court expressly recognized that its rule "would exclude three principal categories of plaintiffs from bringing claims" under the Act:

> (1) people who did not purchase stock *as a result of the defendants' conduct*; (2) people who did not sell stock *as a result of the defendants' conduct*; and (3) shareholders, creditors, and perhaps others related to an issuer who suffered loss in the value of their investment.

*Licht*, 567 F. App'x at 691 (citing *Blue Chip*, at 737-38) (emphasis added).

Plaintiffs do not allege—nor could they—that they sold or purchased securities from, or because of, EFSI, and they acknowledge that their investments in the Funds predate EFSI's role as fund administrator. At most, EFSI's NAVs, sent after Plaintiffs already lost 70% of their investment, allegedly induced Plaintiffs to "not withdraw capital."[13] But holding a position is ***not***

---

[13] Complaint ¶150. Moreover, the purported decision to not seek the return of capital occurred *after* Plaintiffs had already lost their investment.

a basis for an Exchange Act claim. *See Reid,* 578 F.2d at 636; *Licht,* 567 F. App'x at 691; *Baum,* 648 F.Supp. at 1526; *Sacks,* 593 F.2d at 1241; *Gurley,* 674 F.2d at 257. A sale or purchase is required. As there was neither, Count I fails.[14]

### B. Plaintiffs have no grounds for invoking federal question jurisdiction or supplemental jurisdiction.

Plaintiffs have predicated subject matter jurisdiction in this case upon the alleged violation of the Exchange Act, which is clearly inapplicable to EFSI. "To proceed with a case, the court must have both subject matter jurisdiction and personal jurisdiction *over each defendant*." *Disarro v. Ezricare, LLC,* 2023 WL 4737010, *1 (M.D. Fla. July 25, 2023) (emphasis added); *Davies v. Holder,* 2011 WL 2457813, *8 (M.D. Fla. June 2, 2011) ("Plaintiffs shall specifically allege the basis upon which the Court has subject matter jurisdiction over each defendant for each claim asserted").

To establish subject matter jurisdiction based upon the federal question jurisdiction presented by the Exchange Act under 28 U.S.C. § 1331, Plaintiffs must show that the Complaint falls within the scope of the Act.[15] *See Delta Coal Program v. Libman,* 743 F.2d 852, 855 (11th Cir. 1984) ("[B]ecause an element essential to a violation of section 10(b) or rule 10b-5 is a *sale*

---

[14] Because EFSI was not involved in their purchase decisions, Plaintiffs cannot possibly allege fraud with particularity (as required by Rule 9(b)) or EFSI's alleged misleading statements and state of mind (as required by the Private Securities Litigation Reform Act ("PSLRA")). *See Findwhat,* 658 F.3d at 1296 (requiring claimant to allege "what the defendant obtained as a consequence of the fraud"); 15 U.S.C. § 78u-4(b)(1)(B) (as to falsity, a claimant must "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding misstatement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed."); 15 U.S.C. § 78u-4(b)(2) (as to scienter, a claimant must "state with particularity facts giving rise to a strong inference that each defendant acted with the required state of mind" for each misstatement or omission). Since Count I fails to satisfy the "purchaser" or "seller" predicate under the Exchange Act, much less can it satisfy these heightened pleading requirements.

[15] *See* Complaint ¶ 20. 15 U.S.C. § 78aa, grants district courts "exclusive jurisdiction of violations of this chapter or the rules and regulations thereunder."

or *purchase*, plaintiffs who have been unable to characterize their key transactions with the defendants as such have failed *to invoke subject matter jurisdiction* for those claims.") (citations omitted; emphasis added).

As shown above, Plaintiffs cannot state a claim under the Exchange Act because EFSI had no role in either the purchase or sale of securities. Thus, the Court has no subject matter jurisdiction.

With the failure to establish a federal claim, the pendent state law claims should likewise be dismissed.[16] Under 28 U.S.C. § 1367(c)(3), the Court "may decline to exercise supplemental jurisdiction . . . if . . . [it] has dismissed all claims over which it has original jurisdiction." If a court dismisses the federal claims at early stages of the litigation, there is a strong rationale for dismissal of pendent state law claims because those claims are best revolved by state courts. *See Baggett v. First Nat. Bank of Gainesville,* 117 F.3d 1342, 1353 (11th Cir. 1997) (citation omitted); *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n. 7 (1988) ("When federal law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.").  Since this case is in its very early stages, the Court should decline to exercise supplemental jurisdiction over the state law claims against EFSI.

## II.    THE COMPLAINT FAILS TO STATE A CLAIM AGAINST EFSI.

### A.    Applicable pleading standards.

The Exchange Act (Count I) and Negligent Misrepresentation (Count V) claims are subject to Rule 9(b), which requires "circumstances constituting fraud or mistake [to] be stated with particularity." *See Thompson v. Relation–Serve Media, Inc.,* 610 F.3d 628, 633 (11th Cir. 2010)

---

[16] *See* Complaint ¶ 21.

("Because Rule 10b–5 sounds in fraud, the plaintiff must plead the elements of its violation with particularity."); *Linville v. Ginn Real Est. Co.,* 697 F.Supp.2d 1302, 1306 (M.D. Fla. 2010) ("Rule 9(b) applies to claims for negligent misrepresentation under Florida law because negligent misrepresentation 'sounds in fraud.'"); *King v. Pratt & Whitney Canada Corp.*, 2021 WL 663059, at *3 (D. Del. Feb. 19, 2021) (when a negligent misrepresentation claim sounds in fraud it is subject to Rule 9(b)'s pleading standards); *Souran v. Travelers Ins. Co.,* 982 F.2d 1497, 1511 (11th Cir. 1993) (Cox, J., concurring and dissenting) ("negligent misrepresentation sounds in fraud rather than negligence."). Rule 9(b) requires a complaint to set forth:

> (1) precisely what statements or omissions were made in which documents or oral representations; (2) the time and place of such statements and the person responsible for making … them; (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendant obtained as a consequence of the fraud.

*Findwhat Investor Grp. v. Findwhat.com,* 658 F.3d 1282, 1296 (11th Cir. 2011). The Complaint serially commingles the "Defendants" with no discussion of when, how, why, or what EFSI did to cause Plaintiffs' alleged damages.

The other claims—Breach of Fiduciary Duty, Unjust Enrichment, and Negligence—are subject to Rule 8(a), which "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" cannot survive a Rule 12(b)(6) motion to dismiss. *Twombly,* 550 U.S. at 555. To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, at 570). But if allegations are more conclusory than factual, then the Court

does not have to assume their truth. *See Mamani v. Berzain*, 654 F.3d 1148, 1153-54 (11th Cir. 2011). There are no factual allegations of what EFSI did to cause Plaintiffs' injury.

### B.    The claim for Breach of Fiduciary Duty (Count III) fails.

#### 1.    EFSI did not owe a duty of care to Plaintiffs.

Under Florida law, a party seeking to establish the existence of a fiduciary relationship must allege "some degree of dependency on one side and some degree *of undertaking on the other side* to advise, counsel, and protect the weaker party." *Barnett Bank of W. Fla. v. Hooper*, 498 So. 2d 923, 927 (Fla. 1986) (emphasis added); *Silver v. Countrywide Home Loans, Inc.*, 760 F.Supp.2d 1330, 1339 (S.D. Fla. 2011) ("[O]ne may not unilaterally impose a fiduciary responsibility on another simply by reposing trust; absent some conscious acceptance of such duties, no fiduciary relationship is created"), *aff'd*, 483 F. App'x 568 (11th Cir. 2012).[17] Logically, "[a] fiduciary relationship cannot be unilateral." *Myers v. Provident Life & Accident Ins. Co.,* 2023 WL 348859, *4 (M.D. Fla. Jan. 20, 2023). And "a plaintiff alleging such a relationship must plead *with particularity* any special circumstances that give rise to it." *Id.* (emphasis added). *See, e.g., Hogan v. Provident Life & Accident Ins. Co.*, 665 F.Supp.2d 1273, 1287 (M.D. Fla. 2009) (dismissing fiduciary duty claim consisting of conclusory allegations that plaintiff placed his trust in defendant and defendant accepted that trust); *Parker v. Gordon*, 442 So. 2d 273, 275 (Fla. 4th DCA 1983) ("[I]t would be necessary to state with particularity the facts which purportedly created the duty that was breached, so that the court could determine as a matter of law whether there was such a duty."). Delaware law likewise looks for a "special trust" or "special duty" between the parties and emphasizes the word 'special' so as not to expand fiduciary duties too broadly. *Dynamis Therapeutics, Inc. v. Alberto-Culver Int'l Inc.*, 2010 WL 3834405, at * (D. Del. Sept. 24, 2010);

---

[17] Overruled on other grounds by *Tiara Condo. Ass'n, Inc. v. Marsh & McLennan Co., Inc.*, 110 So. 3d 399 (Fla. 2013).

*Simons v. Cogan*, 549 A.2d 300, 304 (Del. 1988) ("[A] mere expectancy interest does not create a fiduciary relationship."); *Biegler v. Underwriting Serv. Mgmt. Co., LLC*, 2022 WL 17820533, at *3 (Del. Ch. Dec. 20, 2022) ("Delaware courts, however, have been reluctant to impute the exacting principles of fiduciary relationships to those engaged in normal commercial dealings." (citation and internal quotation omitted)).

A fiduciary duty requires *both sides* to accept the heightened relationship. Yet, Count III does not allege—much less with particularity—that EFSI agreed to undertake *any duty* to advise, counsel, or protect Plaintiffs.[18] Count III does not even contain a conclusory allegation that EFSI accepted Plaintiffs' trust. *See Hogan*, 665 F.Supp.2d at 1287. That is not surprising. As part of its duties to the Funds, EFSI sent NAVs on behalf of the Funds to the Funds' clients.[19] There is no heightened relationship between EFSI and the Funds' clients, and thus it is no surprise that Plaintiffs did not plead the existence of a fiduciary relationship. Count III fails.

### 2. EFSI could not have caused Plaintiffs' damages.

This claim also fails because Plaintiffs do not plead how EFSI caused their alleged damages. *See Gracey v. Eaker,* 837 So. 2d 348, 353 (Fla. 2002) (identifying damages proximately caused by the breach as an element of a breach of a fiduciary duty claim). Nor can they.

---

[18] Indeed, the pleadings depict an arm's length relationship, which is anathema to a fiduciary relationship. *See* Complaint ¶¶ 120-121 (alleging EFSI "refused to provide anything" to Plaintiffs in response to their requests to explain the NAV statements); *Myers,* at *4 ("[w]hen parties deal at arm's length, a fiduciary relationship does not exist because there is no duty imposed on either party to protect or benefit the other.") (quotation omitted).

[19] To be sure, EFSI did not have a fiduciary relationship even with the Funds. *See Court Appointed Receiver of Lancer Offshore, Inc. v. Citco Grp. Ltd.*, 2011 WL 1233106, at *7-8 (S.D. Fla. March 30, 2011) (rejecting argument that fund administrator's role was transformed from a ministerial one to that of a fiduciary despite allegation that the fund (i) volunteered to assist the hedge fund manager in restructuring the funds' holdings; (ii) controlled the employees who served as directors of the funds; and (iii) received direct payment tied to the inflated NAV of the funds).

A fundamental defect with the entire case against EFSI is that the Complaint's chronology shows that EFSI could not have caused the alleged damages.[20] Here, the alleged damages occurred *before* EFSI was engaged, much less sent its first NAV statement to Plaintiffs. Indeed, EFSI had yet to become the administrator when Plaintiffs learned that the Funds allegedly lost control over their million-dollar-plus investment (yet decided to continue investing in the Funds anyway).[21] Logically, EFSI could not have caused the alleged damages if EFSI was not engaged until *after* Plaintiffs had already made their investments and allegedly suffered their losses.[22]

### C.    The claim for Negligent Misrepresentation (Count V) fails.

This claim fails because Plaintiffs do not—and cannot—allege that they *justifiably* relied on EFSI. *See Tiara Condo. Ass'n, Inc. v. Marsh & McLennan Cos., Inc.,* 607 F.3d 742, 747 (11th Cir. 2010) (holding that negligent misrepresentation claims require proof that, *inter alia,* "(3) the representer intended to induce another to act on the misrepresentation; and (4) injury resulted to a party acting in *justifiable* reliance upon the misrepresentation."); *see also Vichi v. Koninklijke Philips Elecs., N.V.,* 85 A.3d 725, 775 (Del. Ch. 2014) ("Under Delaware law, to establish a claim of fraud or negligent misrepresentation, the plaintiff must demonstrate justifiable reliance on false representations made by the defendant.").

---

[20] Lack of causation also dooms the other counts. *See, e.g., Tiara Condo.,* 607 F.3d at 747; *Fla. Std. Jury Instr. (Civ.) 409.8 (Negligent Misrepresentation)* ("whether the false statement was a legal cause of ... [damage] to (claimant)."); *Clay Elec.,* 873 So. 2d at 1185 (identifying "reasonably close causal connection between the conduct and the resulting injury" as element of negligence).

[21] *Compare* Complaint ¶ 77 (decision to invest additional $185,000 on July 25, 2023) *with* ¶ 90 (EFSI's first statement to the Plaintiffs on August 16, 2023).

[22] *See* Complaint ¶ 74 (July 15, 2023, meeting in which Defendant CDK Capital Partners I, LLC, advised Plaintiff Kevin Debbs "that Defendants had *transferred* all or substantially all of the Partnership's assets and control over same to FxWinning and that at least (70%) of Partnership's assets that Defendants had sent to FxWinning were lost.") (emphasis added), ¶ 77 (decision to invest additional $185,000 on July 25, 2023), and ¶ 90 (EFSI's first NAV to Plaintiffs on August 16, 2023).

The Complaint shows that Plaintiffs' decision to invest in the Funds occurred: (1) before and without EFSI's involvement; and (2) before EFSI became the Funds' Administrator or even communicated with Plaintiffs.[23] Likewise, for the same reasons, Plaintiffs cannot pin on EFSI their decision to invest an additional $185,000 ten days after they learned the Funds lost at least 70% of their money.[24] Plaintiffs had not yet had a single communication with EFSI at that time. Such facts preclude justifiable reliance and warrant dismissal of the claim.

**D.    The claim for Unjust Enrichment (Count VII) fails.**

Florida law on unjust enrichment requires that a "direct" benefit be conferred by Plaintiffs upon EFSI. *Kopel v. Kopel,* 229 So. 3d 812, 818 (Fla. 2017) ("to prevail on an unjust enrichment claim the plaintiff must *directly* confer a benefit to the defendant.") (emphasis added); *CFLB P'ship LLC v. Diamond Blue Int'l, Inc.,* 352 So. 3d 357, 359-60 (Fla. 3d DCA 2022) (holding that unjust enrichment claim against LLC failed where the benefit was conferred on the LLC's member and not the LLC itself); *see also Vichi v. Koninklijke Philips Elecs. N.V.*, 62 A.3d 26, 59-61 (Del. Ch. 2012) (unjust enrichment claim requires showing that plaintiff directly benefited defendant). Plaintiffs do not and cannot make such an allegation. Instead, Plaintiffs allege an *indirect* benefit to EFSI, specifically, its "compensation *from the [Funds]* for providing those purported [fund administration] services in respect of Plaintiffs."[25] Because EFSI's alleged benefit did not directly come from Plaintiffs, the claim fails. *See Kopel,* 229 So. 3d at 812.

---

[23] *See* Complaint ¶¶ 133-136 ("Justifiable Reliance") and ¶¶ 43, 44, 62, 74, and 77 (regarding timing of Plaintiffs' investment and EFSI's role as administrator).

[24] *See* Complaint ¶¶ 74 and 77.

[25] Complaint ¶ 204 (emphasis added).  This is another allegation based upon "information and belief." *See Scott v. Experian Info. Sols., Inc.*, 2018 WL 3360754, at *6 (S.D.Fla. June 29, 2018) ("While 'information and belief' pleading can sometimes survive a motion to dismiss, a plaintiff must allege specific facts sufficient to support a claim.").

### E.    The claim for Negligence (Count VIII) fails.

The negligence claim fails because EFSI did not owe a duty *to Plaintiffs*. *See Clay Elec. Coop., Inc. v. Johnson,* 873 So. 2d 1182, 1185 (Fla. 2004) (identifying a defendant's duty of care as an element of a negligence claim); *McCain v. Fla. Power Corp.,* 593 So. 2d 500, 502 (Fla. 1992) (the existence of a duty is a question of law); *see also Nichols v. Twilley, St. & Braverman, P.A.*, 1991 WL 226777, at *1 (D. Del. Oct. 3, 1991) ("Plaintiff, at a minimum, must have alleged facts sufficient for the Court to believe that the Defendants owed a duty to the Plaintiff. Without a duty being owed, there can be no breach of that duty and thus, no action for negligence will exist."). According to the Florida Supreme Court, the principle of "duty" may arise from four general sources:

> (1) legislative enactments or administration regulations; (2) judicial interpretations of such enactments or regulations; (3) other judicial precedent; and (4) a duty arising from the general facts of the case.

*Clay,* 873 So. 2d at 1185 (quoting *McCain,* 593 So. 2d at 503 n. 2).

The Complaint simply alleges EFSI "owed duties to CDK Fund I SPV LLC and Plaintiffs."[26] But such a "formulaic recitation of the elements of a cause of action" cannot survive dismissal. *Twombly,* 550 U.S. at 555.  As with other key issues, Plaintiffs fail to allege sufficient facts about *why* EFSI owed *them* any duty or what duty was owed. While Plaintiffs list the services EFSI allegedly provided *to the Funds*, they do not identify any law, regulation, or judicial precedent that supports the existence of a duty owed to *Plaintiffs*.[27] *Clay,* 873 So. 2d at 1185. That is not surprising, for none exists.

---

[26] Complaint ¶ 214. The Administrative Services Agreements would show that EFSI barely owed limited duties to its clients, the Funds.

[27] *See* Complaint ¶ 213 (a-f) (another set of allegations based "upon information and belief").

Plaintiffs may be tempted to argue that EFSI's duty arises "from the general facts of the case," *e.g.*, from EFSI's relationship *with the Funds*. *Clay,* 873 So. 2d at 1185. To be sure, duty arises from the terms of an agreement. *See Glickman v. Kindred Hosps. E., LLC*, 314 So. 3d 630, 633 (Fla. 3d DCA 2021) (scope of duty defined by agreement). Although a duty arises from a contract, "in such cases the contract itself defines the extent of the duty," and Plaintiffs cite no contractual provision upon which they could argue that EFSI owed *them* a duty. *Id.,* at 1201 (Cantero, J., dissenting) (citing and quoting *Mugge v. Tampa Waterworks Co.,* 52 Fla. 371, 42 So. 81, 86 (1906)); *Arenado v. Fla. Power & Light Co.,* 541 So. 2d 612, 614 (Fla. 1989) ("*Mugge* [was] predicated upon special language in the . . . contracts which does not exist here. '[T]he contract of the water company is the measure of its duty to the property owner.'"). Plaintiffs have not cited the EFSI-Funds agreements to substantiate its claim of duty because there is no clause that expands the scope of duty to cover the claims in the Complaint.

Additionally, duty requires privity. Plaintiffs may argue that there need not be any privity because of an exception which does not apply here. Specifically, the scope of duty may be expanded to someone not in privity where a "defendant's conduct creates a 'foreseeable zone of risk'" to a plaintiff who "suffered *personal* or *property* damage." *Virgilio v. Ryland Grp., Inc.,* 680 F.3d 1329, 1339 (11th Cir. 2012) (quoting *Kaisner v. Kolb,* 543 So. 2d 732, 735 (Fla. 1989) (emphasis added)). However, the "zone of risk" exception is limited to personal injury or property damage, and *does not* apply to cases involving, as here, *economic* damages. For example, in *In re January 2021 Short Squeeze Trading Litigation,* 76 F.4th 1335 (11th Cir. 2023), where customers sued their broker for negligence after the broker restricted them from trading in certain securities, the court found that the broker owed no duty to its customers:

> We highly doubt that Florida courts would expand a zone-of-risk negligence
> duty to facts like these, with no connection to the negligent damage of

14

> *physical property*. Such an expansion would dramatically disrupt day-to-day economic activity. One person's pursuit of economic opportunity is often another's foreseeable economic loss. Indeed, the very meme stock trading that led to this litigation was an effort by some to acquire an economic benefit at an economic cost to others. If liability arose anytime an activity created a foreseeable risk of *economic harm* to another, it would be endless. The putative Robinhood class has failed to state a negligence claim under Florida law.

*Id.,* 76 F.4th 1335 at 1354 (emphasis added). *See also Virgilio,* 680 F.3d at 1339 ("Where the plaintiff seeks only the recovery of an economic loss, the duty element of negligence law serves as an important barrier to over-extension of liability."). The same result must follow here. There is no conceivable duty owed by EFSI to Plaintiffs. Thus, their negligence claim fails.

## CONCLUSION

For the foregoing reasons, EFSI respectfully requests: (1) that this action be dismissed as to EFSI for lack of subject matter jurisdiction because Count I fails to state a claim against EFSI under the Securities and Exchange Act of 1934; or (2) that Counts I, II, III, V, VII, and VIII be dismissed for failure to state claims upon which relief can be granted; and (3) such other and further relief as this Court deems proper and just.

**FOX ROTHSCHILD LLP**

Dated: March 26, 2025

*/s/ Sidney S. Liebesman*
Sidney S. Liebesman (No. 3702)
Joshua K. Tufts (No. 7275)
1201 North Market Street, Suite 1200
Wilmington, DE 19801
Phone (302) 654-7444/Fax (302) 656-8920
sliebesman@foxrothschild.com
jtufts@foxrothschild.com

*Attorneys for Defendants Essential Fund Services International, LLC*

15

## CERTIFICATE OF SERVICE

I, Sidney S. Liebesman, hereby certify that on March 26, 2025, a true and correct copy of Defendant Essential Fund Services International, LLC's Re-Filed Opening Brief in Support of their Motion to Dismiss Complaint was served, via the CM/ECF system, upon on all counsel of record.

**FOX ROTHSCHILD LLP**

*/s/ Sidney S. Liebesman*
Sidney S. Liebesman (No. 3702)
Joshua K. Tufts (No. 7275)
1201 North Market Street, Suite 1200
Wilmington, DE  19801
Phone (302) 654-7444/Fax (302) 656-8920
sliebesman@foxrothschild.com
jtufts@foxrothschild.com

*Attorneys for Defendants Essential Fund*
*Services International, LLC*

16