IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEVIN DEBBS and LIBERTY NATIONAL TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>CDK FUND I SPV LLC, CDK CAPITAL PARTNERS I LLC, CODY KERNS, and ESSENTIAL FUND SERVICES INTERNATIONAL, LLC,<br><br>Defendants. | Civil Action No. 25-205-RGA |

## MEMORANDUM ORDER

Before me is Plaintiffs' Motion for Reargument/Reconsideration. (D.I. 72). I have considered the parties' briefing. (D.I. 72, 105, 112). For the reasons set forth below, this motion is DENIED.

Plaintiffs note in their complaint, "This action arises from Defendants' numerous misrepresentations and omissions of material facts relating to the sale of securities by Defendants and purchase of same by Plaintiffs through . . . CDK Fund I, LP ["CDK LP"] and, thereafter, Defendant CDK Fund I SPV, LLC ["CDK SPV"]." (D.I. 1 at ¶ 2). "Plaintiffs invested money in . . . [CDK LP], with the expectation of future profits generated by the efforts of Defendant Kerns and the various entities . . . which he ultimately managed and controlled . . ., to wit: CDK Capital Partners I, LLC ["CDK LLC"] and Kerns Capital Management, LLC." (*Id.* at ¶ 33).

Plaintiffs began investing their money in CDK LP sometime in January 2023. (*Id.* at ¶ 43). CDK LP is governed by a partnership agreement. This partnership agreement contains a forum selection clause, which reads:

1

> The parties acknowledge and agree that any claim, controversy, dispute, or action relating in any way to this Agreement, or the subject matter of this Agreement, will be governed solely by the laws of the State of Delaware, without regard to any conflict of laws doctrines. The parties irrevocably consent to being served with legal process issued from the state and federal courts located in Delaware and irrevocably consent to the exclusive personal jurisdiction of the federal and state courts situated in the State of Delaware. The parties irrevocably waive any objections to the personal jurisdiction of these courts. Said courts will have sole and exclusive jurisdiction over all claims, controversies, disputes, and actions which in any way relate to this Agreement or the subject matter of this Agreement. The parties also irrevocably waive any objections that these courts constitute an oppressive, unfair, or inconvenient forum and agree not to seek to change venue on these grounds or any other grounds.

(D.I. 43-1 at § 12.06).

On September 5, 2023, Defendants CDK LLC and Cody Kerns formed CDK SPV in Florida; Defendants CDK LLC and Cody Kerns transferred Plaintiffs' investments from CDK LP to CDK SPV. (D.I. 1 at ¶ 91). CDK SPV "failed and refused to respond to Plaintiffs' request for the return of their capital." (*Id.* at ¶ 92).

Plaintiffs brought suit in the Middle District of Florida alleging that Defendants "violated Federal and State securities laws . . . by failing to allow Plaintiffs to withdraw their investments from [CDK SPV]." (D.I. 68 at 6). The Middle District of Florida found that the forum selection clause applied and issued an order transferring the case to the District of Delaware. (*Id.* at 12). Plaintiffs subsequently filed a motion for Reargument/Reconsideration, requesting that I retransfer the Complaint to the Middle District of Florida. (D.I. 72 at 10).

In the Third Circuit, motions for reconsideration "are generally treated as motions to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure." *United States v. McGlory*, 202 F.3d 664, 668 (3d Cir. 2000). "The scope of a motion for reconsideration . . . is extremely limited. Such motions . . . may be used only to correct manifest errors of law or fact or to present newly discovered evidence." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011).

"Accordingly, a judgment may be altered or amended only if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the [motion]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (cleaned up). "Motions for reargument shall be sparingly granted." Local Rule 7.1.5(a). "[R]econsideration is reserved for extraordinary circumstances." *Lynch v. Jacobs as Tr. of New Century Liquidating Tr.*, 2021 WL 5984897, at *1 (D. Del. Nov. 23, 2021), *aff'd sub nom. In re New Century TRS Holdings., Inc.*, 2023 WL 155449 (3d Cir. Jan. 11, 2023).

The crux of Plaintiffs' argument is that the Middle District of Florida "improperly conflated Plaintiffs' *present* rights as a member of [CDK SPV] . . . as still controlled by Plaintiffs' *prior* obligations under non-party [CDK LP's] limited partnership agreement . . . from which Plaintiffs were forcibly divested. In so doing, the [Middle District of Florida] ultimately elevated the forum selection clause in [CDK LP's limited partnership agreement] to control all *post*-divestment acts and misconduct carried out by and through [CDK SPV] against its members, Plaintiffs." (D.I. 72 at 4-5). Plaintiffs characterize the recitation, in their Complaint, of their initial investment in CDK LP as mere "background information," and although Plaintiffs note that CDK LP "*also* engaged in fraud," Plaintiffs argue, "That wrongdoing . . . is not at issue in this action." (*Id.* at 6).

I disagree with Plaintiffs. As I noted earlier, Plaintiffs' own complaint highlights the centrality of CDK LP to this case, as Plaintiffs claim in their own words, "This action arises from Defendants' numerous misrepresentations and omissions of material facts *relating to* the sale of securities . . . through non-party-[CDK LP]." (D.I. 1-1 at ¶ 2) (emphasis added). Moreover, the forum selection clause found in CDK LP's limited partnership agreement is extensive in scope. It

3

states, "The parties acknowledge and agree that any claim, controversy, dispute, or action *relating in any way to this Agreement, or the subject matter of this Agreement*, will be governed solely by the laws of the State of Delaware . . . The parties also irrevocably waive any objections that [the federal and state courts situated in the State of Delaware] constitute an oppressive, unfair, or inconvenient forum and agree not to seek to change venue on these grounds or any other grounds." (D.I. 43-1 at § 12.06) (emphasis added). As the well-reasoned opinion of the Middle District of Florida notes, Plaintiffs' complaint is permeated with factual allegations that demonstrate the closely intertwined nature between Plaintiffs' investment in CDK LP and its claims in this action. (D.I. 68 at 10).[1] I think it is clear from the text of Plaintiffs' own complaint that their claims relate "in any way" to CDK LP's limited partnership agreement. The forum selection clause is valid, applies to this case, and thus binds Plaintiffs.

When there is a valid forum selection clause, "the plaintiff's choice of forum merits no weight. Rather, as the party defying the forum[] selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 63 (2013). Plaintiffs present no argument that the transfer of the case to the District of Delaware would be unwarranted, should I find that the forum selection clause were valid. (D.I. 72 at 10). As such,

---

[1] For example, "Plaintiffs have been deprived of, and lost, approximately $1,253,888.14 that was contributed by [CDK LLC] and Cody Kerns from non-party [CDK LP] to [CDK SPV]" (D.I. 1 at ¶ 139); "In particular, Defendants['] misrepresentations and omissions caused Plaintiffs to originally invest in non-party [CDK LP] and, thereafter, to mislead and deceive Plaintiffs with respect to the actual purposes and role of [CDK SPV]" (*Id.* at ¶ 140); "Defendants provided false information to Plaintiffs regarding non-party [CDK LP] and [CDK SPV]" (*Id.* at ¶ 183); "[CDK LP] together with Defendants [CDK LLC] and Cody Kerns received the funds and later caused a capital contribution of Plaintiffs' $1,253,888.14 to be made to [CDK SPV]." (*Id.* at ¶ 201).

Plaintiffs have forfeited any such argument. Thus, as the forum selection clause is valid, I will deny Plaintiffs' motion for reargument.

For the forgoing reasons, Plaintiffs' Motion for Reargument/Reconsideration (D.I. 72) is DENIED.

IT IS SO ORDERED.

Entered this 27th day of February, 2026

_____
United States District Judge